IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND AIGBEKAEN, | : |
|     Petitioner | : |
|     v. | : Case No. 3:22-cv-84-KAP |
| UNITED STATES OF AMERICA, | : |
| Nominal respondent, | : |
| MICHAEL UNDERWOOD, WARDEN, | : |
| F.C.I. LORETTO, | : |
|     Respondent | : |
| | |
| RAYMOND AIGBEKAEN, | : |
|     Plaintiff | : |
|     v. | : Case No. 3:23-cv-19-KAP |
| WARDEN HIGHTOWER, F.C.I. | : |
| LORETTO, *et al.*, | : |
|     Defendants | : |

<u>Memorandum Order</u>

    Petitioner and plaintiff Raymond Aigbekaen is at F.C.I. Greenville, where he is serving a 180-month sentence imposed in February 2017 in the District of Maryland for conspiracy to commit sex trafficking and other offenses. He was formerly in custody at F.C.I. Loretto. His time there resulted in the two civil actions captioned above: a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241 (which I have updated to reflect the current warden, who remains the correct respondent despite the transfer since the petition was filed when Aigbekaen was in custody in this district) that was submitted in May 2022, and a civil complaint against a former warden and other personnel at Loretto that was styled "First Amended Complaint," filed in the Middle District of Pennsylvania, and transferred here in February 2023 with the motion to proceed *in forma pauperis* pending. I address both actions in one memorandum for reasons that should become apparent.

    After service of the petition for a writ of habeas corpus, the respondent through the United States Attorney for the Western District of Pennsylvania filed a Response, ECF no. 17, correctly asserting that substantial portions of Aigbekaen's petition were actually complaints about conditions of confinement and not cognizable as a basis for habeas corpus relief, and to the extent that Aigbekaen sought release because his underlying conviction and sentencing were improper, his remedy was a motion to vacate in the district of sentence.

A habeas corpus petition does not give this Court jurisdiction to entertain Aigbekaen's claims that his conviction or sentence are invalid as a result of 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

A motion to vacate a sentence pursuant to 28 U.S.C.§ 2255 filed in the sentencing court is the exclusive means for a federal prisoner to challenge the validity of a conviction and sentence unless such a motion would be "inadequate or ineffective." Section 2255 is not an inadequate remedy whether a petitioner has failed to file a timely motion to vacate or has filed a timely but unsuccessful motion to vacate and cannot meet the gatekeeping requirements for filing a second one. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir.2002). A petitioner can proceed with a habeas petition in the face of 28 U.S.C.§ 2255(e) only when there has been a new precedential interpretation of the statute under which a petitioner was convicted that negates his criminal liability and no remedy is available under Section 2255 because that new interpretation is a statutory one, not a new rule of constitutional law. See In re Dorsainvil, 119 F.3d 245 (3d Cir.1997). There are no claims within the Dorsainvil exception in Aigbekaen's petition.

A habeas corpus petition is also not a vehicle for Aigbekaen's conditions of confinement claims. See Cardona v. Bledsoe, 681 F.3d 533 (3d Cir.2012), *cert. denied*, 568 U.S. 1077 (2012); Gillette v. Territory of Virgin Islands, 563 Fed.Appx. 191 (3d Cir. 2014). Even if precedent construing Section 2241 were not clear, the Prison Litigation Reform Act provides that prospective remedies in civil actions with respect to prison condition must be narrowly drawn and the least intrusive means necessary to correct any violation of a federal right. 18 U.S.C.§ 3626(a)(1). Unconditional release of a sentenced prisoner, as opposed to an order directing correction of the violations (if Aigbekaen still had standing to pursue such relief), would not be a narrowly tailored prospective remedy.

A habeas corpus petition is the correct means for Aigbekaen to bring a claim that the Bureau of Prisons is improperly calculating his sentence by failing to award him credit under the First Step Act. However, Aigbekaen filed his petition for habeas corpus in May 2022 (it was docketed in July 2022 after Aigbekaen submitted a motion to proceed *ifp* in June 2022 and then paid the filing fee in July 2022), before even beginning to attempt to exhaust administrative remedies available to him within the Bureau of Prisons. See Response at 3-4 and Exhibit 1, Attachment 2 (Aigbekaen's administrative remedy history for the time he was at Loretto), ECF no. 17-3 at 17-19.

For at least four decades the rule has been that an inmate who seeks habeas relief from actions by the Bureau of Prisons affecting the execution of a federal sentence, whether a disciplinary sanction, credit for prior custody decision, sentence computation, or length of placement in a residential re-entry center, must exhaust available administrative remedies first, *see* 28 C.F.R.§ 542.10-19, unless the matter involves only a question of law without the need for development of a factual record. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir.2012), *citing* Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir.1981).

Use of the administrative process not only facilitates judicial review by allowing the Bureau of Prisons to develop a factual record and explain its decision, but also conserves judicial resources because in at least some cases the inmate obtains relief in the administrative process. *See* Barksdale v. Sing Sing, 645 Fed.Appx. 107 (3d Cir.2016); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir.1996); Arias v. United States Parole Commission, 648 F.2d 196 (3d Cir.1981); *and see* Lindsay v. Williamson, 271 Fed.Appx. 158, 160 (3d Cir.2008) (affirming *sua sponte* dismissal of 28 U.S.C.§ 2241 petition for failure to exhaust administrative remedies).

There is no good reason for dispensing with the requirement of administrative exhaustion in this case. Petitioner's release date is projected for some time in 2028, and proper presentation of his FSA claims will not delay timely consideration of them.

The principal thrust of the habeas petition is that Aigbekaen is entitled to unconditional and immediate release because of the conditions of confinement at Loretto. The civil complaint filed in the Middle District after Aigbekaen was transferred seeks money damages for those conditions, as well as unconditional release from his sentence. Plaintiff's motion to proceed with that complaint *in forma pauperis*, ECF no. 2, is granted in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)(2), (b)(1)-(2). The inmate account officer at any institution where plaintiff may be incarcerated shall forward to the Clerk of the United States District Court for the Western District of Pennsylvania the greater of twenty percent of the average monthly deposits to the plaintiff's inmate account for the six months prior to the date of this order, or twenty percent of the average balance of plaintiff's inmate account during the same time period; and in accordance with 28 U.S.C. § 1915(b)(2), the inmate account officer shall begin immediately to deduct from plaintiff's inmate account twenty percent (20%) of each item of income on the date received, accrue these items and forward one payment per month of the amount accrued to the Clerk, whenever the amount in plaintiff's account exceeds $10.00, until the entire filing fee of $350.00 has been paid, regardless of any dismissal of the complaint.

Before service is ordered, if plaintiff has not already done so, he shall send the Clerk forms for service and a copy of the complaint for each defendant. Plaintiff may, if he

wishes, amend his complaint to incorporate any claims originally intended to be brought in his habeas petition. If plaintiff he intends to state a claim under the Federal Tort Claims Act he must amend his complaint to name the United States of America as defendant. The Clerk shall send eight blank service forms for plaintiff to complete. After screening of the complaint pursuant to the Prison Litigation Reform Act, I will order the Marshal to serve the complaint on defendants. Since the plaintiff is proceeding *in forma pauperis*, costs of service will be advanced by the United States. That does not extend to the costs of making duplicate complaints for each defendant.

As with the habeas corpus petition, in accordance with the case management system in place in this district, the civil complaint has been preliminarily assigned to me. All parties or their counsel should complete an election form (enclosed for pro se litigants, available to counsel at https://www.pawd.uscourts.gov/forms/ under "Local Forms") either consenting to jurisdiction by a Magistrate Judge with appeal to the Court of Appeals or electing to have a District Judge assigned to the case (with reference to a Magistrate Judge and appeal to a District Judge and then to the Court of Appeals) and shall file the form with the Clerk.

To recap: Aigbekaen can proceed with his civil complaint; Aigbekaen's habeas petition is denied in part (the FSA portion) and dismissed in part for lack of jurisdiction (the attacks on his conviction and the conditions of confinement claims), without prejudice to presenting the FSA claims after exhausting administrative remedies, attacking his conviction in the district of conviction, and proceeding with the civil complaint. The Clerk shall mark the habeas corpus matter closed: this is a final appealable order with respect to the habeas petition. The Clerk shall also update Aigbekaen's address on both dockets. It is plaintiff's responsibility to keep the Clerk informed of his address.

DATE: February 3, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel by CM/ECF and by U.S. Mail to:

Raymond Aigbekaen, Reg. No. 94655-379
F.C.I. Greenville
P.O. Box 5000
Greeneville, IL 62246